

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7427

Re: Whether a delinquent
tax attorney is en-
titled to his fee
where he has taken a
final judgment within
the six months' period
after the end of his
contract period, but
the property has sold
under said judgment at
a later date than the
six months' period.

We have given careful consideration to your re-
quest on the captioned subject. We quote from your letter
as follows:

"I will thank you to review your Opinions
Nos. O-237, O-237A and O-6434 with particular
reference to the question as to whether a de-
linquent tax attorney is entitled to his fee
where he has taken a final judgment within the
six months' period after the end of his con-
tract period, but the property has sold under
said judgment at a later date than the six
months' period authorized in the contract for
the tax attorney to prosecute to final judg-
ments those suits he had pending at the end of
the contract period.

"If you find a conflict in the above named
opinions, then please advise this department
what is the correct law."

In Opinion No. O-237, this department was asked
the following question:

"Question 6:  Could said contractor continue to receive commissions on collections made by Tax Assessor-Collector after December 31, 1938?"  (Note:  In this case December 31, 1938, was the terminating date of the contract).

The answer to this question was given as follows:

"Our answer to your sixth question is that the contractor (the tax attorney) could not continue to receive commissions on collections made by the Tax Assessor-Collector after December 31, 1938, with the exception that he is entitled to a commission on money paid to the Tax Assessor-Collector up to July 1, 1939, which he was instrumental in collecting by virtue of having filed a suit prior to December 31, 1938."

Opinion Number O-237A is a reconsideration of Opinion Number O-237, and approves the above reasoning. In Opinion Number O-237A the following language appears:

"Consequently, to make plain our position on this question we desire to state that opinion No. O-237 has been reconsidered; that we deem it to be correct and adhere to it;"

Opinion No. O-237 was written in May, 1939, and Opinion No. O-237A in November, 1943.

In March, 1945, Opinion No. O-6434 was approved by this department.  The facts presented in that opinion request pertinent to our case were:

The tax attorney filed suit during the term of the contract, secured a judgment on said suit in the trial court within six months after the termination of the contract, and in the various foreclosure sales the property was purchased by the State.  The question presented was whether or not the delinquent tax attorney would be entitled to collect the commissions in the event of resale made after the six months' period.

The answer given to the above inquiry in Opinion No. 0-6434 was:

"When the delinquent tax attorney has filed suit during the term of the contract and secures a judgment on said suit in the trial court within six months from the termination date of the contract, we think that said attorney has established his interest in the proceeds of said judgment, and that at such time as the taxing unit actually collects the money on said judgment secured by the efforts of said attorney, he is entitled to receive his percentage (10%) of the money actually collected, less such amount, if any, that may have been applied on his compensation in the form of fees taxed as costs, under the provisions of Article 7335." (Emphasis added)

Insofar as these three opinions concern collections of commissions by delinquent tax attorneys after the six months' period when judgment was taken within that six months' period the first two opinions conflict with Opinion No. 0-6434.

The conflict in these opinions arises from a determination of the period the contract is intended to be in force.

Section VIII of the uniform contract form enclosed by you is, in part, as folllews:

"First party agrees to pay to Second Party as compensation for the services hereunder required __ per cent /not to exceed fifteen (15) per cent/ of the amount collected of all delinquent taxes, penalty and interest of the years covered hereby, actually collected and paid to the collector of taxes during the term of this contract, . . ." (Emphasis added)

From a reading solely of the language quoted above from Section VIII it appears clear that the delinquent tax attorney would be entitled to fees only on delinquent taxes actually collected and paid to the collector of taxes during the period of the contract. In Opinions 0-237 and 0-237A, the period of the contract is taken as being the twelve months' period, and six additional months are allowed to prosecute to trial court judgments suits filed in the twelve months' period.

However, in Section IX, this provision appears:

"This contract shall be in force from ___
194_, to ___ 194_, both dates inclusive (not
to extend beyond December 31, 194_, the end of
the present administration of the Commissioners'
Court), and at the expiration of said period,
this contract shall terminate, except the con-
tractor shall be allowed six months in which to
prosecute to trial court judgment suits filed
prior to ___ 194_, terminating date of this con-
tract provided, and shall handle to conclusion
all suits in which trial court judgments are
obtained during the period of this contract and
which are appealed by any party . . ." (Emphasis
added).

From the underlined portion it appears the inten-
tion of the parties to extend the terminating date of the
contract insofar as it concerns cases in which trial court
judgments were obtained during the 18 months period and
which are appealed. Such a construction would also contem-
plate payment of a fee to the delinquent tax attorney when
the appealed cases were settled even though such settlement
be after the six months' period. To put any other construc-
tion on this language would force the tax attorney to handle
appealed cases after the 18 months' period gratuitiously.

Although the case before us does not come within
either of the above provisions we believe that a reasonable
construction must be placed on all of the language. We
quote from 10 Tex. Jur. 311:

"Provisions in a contract which are apparent-
ly conflicting are to be reconciled and harmonized,
if possible, by any reasonable interpretation, and
the contract as a whole given effect."

We quote from 10 Tex. Jur. 315 as follows:

"The courts always avoid, if possible, any
construction which is unreasonable, inequitable,
or oppressive. Where the language used is cap-
able of two constructions, an interpretation
which makes the agreement fair and reasonable
will be adopted in preference to one which leads
to harsh, oppressive or unreasonable results."

It is the opinion of this department that Opinion No. O-6434 is the correct interpretation of the law, and that when the tax attorney has filed suit during the twelve months period and has taken a final judgment within the eighteen months period, he has completed performance on his contract and is entitled to the fee set forth in the contract when the property is sold at a judgment sale.

We trust this satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence Y. Mills
Clarence Y. Mills
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

CYM:ms

APPROVED DEC 16 1946

FIRST ASSISTANT
ATTORNEY GENERAL